(125 So. 793)

McCRAY v. STATE.   (5 Div. 758.)

Court of Appeals of Alabama.   Jan. 21, 1930.

Roderick Beddow, of Birmingham, and Percy M. Pitts, of Clanton, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. The charge, by indictment, against this appellant was forgery in the second degree, in that he with intent to defraud did falsely make, alter, forge, or counterfeit the certain instrument set out in the indictment, or, with like intent, did utter and publish as true, the aforesaid instrument.

Mention is made of certain demurrers to the indictment, but as the demurrers, if interposed, are not set out in the record, this court will presume that the lower court properly overruled them, as shown by the judgment entry.

On the trial the state insisted that this appellant and one Hayes Varner, not on trial, with intent to defraud, either forged the instrument in question, or with like intent did utter and publish same as true. "To utter," as used in the statute against forgery, means to offer, whether accepted or not, a forged instrument with the representation, by words or action, that the same is genuine. In the instant case, as a matter of law, the instrument in question was upon its face the subject of forgery, for its capacity to injure or defraud was clearly apparent; it being a purported receipt to this appellant and Varner for $320 from the Farmers' Hardware Company of Clanton, Ala., by J. R. Jones, a member of said firm.

The evidence without dispute tended to show that this receipt was not given by said Farmers' Hardware Company and signed by said Jones, and that said receipt was not authorized by the purported makers.

The evidence also tended to show, without dispute, that in order for this appellant and Varner to secure a settlement on a contract for building a certain church, this receipt was presented by this appellant to one George Williams, the treasurer of the church building committee.

In explanation of his possession of said receipt, this appellant testified that he and Varner had secured it from one Oscar Quinn, a negro who was in the employ of said Farmers' Hardware Company, and had paid said Quinn $50 therefor. This appellant insisted he did not know that the receipt was a forgery.

Under the testimony a jury question was presented, and upon consideration of every question presented we find that the trial proceeded throughout without prejudicial error. The exceptions reserved to the court's rulings upon the admission of evidence are without merit.

From what has been said the affirmative charge was not in point, therefore charges A and B were properly refused. Refused charges C, D, G, and H were fairly and substantially covered by the court's oral charge.

Charge E was argumentative and so far as this record shows was also abstract. It was refused without error.

Charges F and J pretermit a consideration by the jury of all the evidence; they were properly refused.

Refused charge I is not only elliptical, but under the evidence in this case it is also abstract. The court was under no duty to give this charge.

Charge K is confusing, also elliptical. The principle of law intended by this charge was given to the jury in the oral charge.

On the motion for a new trial, in addition to the points of decision hereinabove discussed, the appellant insisted that: "The court erred in allowing the case to proceed after dinner, the day and night of the trial, and the Solicitor to proceed with his closing argument approximately ten or fifteen minutes prior to the arrival of defendant's counsel and in their absence while they were at dinner." As to this insistence the following appears in the record relating to this matter: "When argument for defense had closed there was an agreement by all parties to recess for supper and close the case after recess. At the time fixed and agreed upon for resumption of the trial defendant's counsel did not appear and after waiting for about ten minutes after the time fixed for meeting and proceeding the solicitor was allowed to proceed with the closing argument. The defendant in person was present throughout the trial."

The motion for new trial was properly overruled.

There appearing no reversible error in any rulings of the court, and the record also being regular in all things and without error, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.